QING CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, Respondent.

No. 04–2566–AG.

United States Court of Appeals,
Second Circuit.

April 25, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Shultz, Chief, Appellate Division, Laura Thomas Rivero, Emily M. Smachetti, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: WILFRED FEINBERG, CHESTER J. STRAUB, and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Qing Chen (A 78–859–898), through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") George Chew's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot

insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

█ Although Chen's petition for review timely challenges the BIA's April 2004 affirmance of the IJ's removal order, her attorney's brief inexplicably argues that the BIA's subsequent denial of a motion to reopen was an abuse of discretion. Although that subsequent decision is contained in the certified administrative record, Chen did not file a petition for review challenging it, and so it is only the April 2004 decision that is under review. *See Khouzam v. Ashcroft*, 361 F.3d 161, 167 (2d Cir.2004). Arguments not raised on appeal are normally deemed waived or abandoned, but this Court will consider them if it has reason to believe that "manifest injustice" would result otherwise. *See, e.g., Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir.2004). In this case, the IJ's (strikingly brief) decision is sufficiently flawed on its face that we believe it would be manifestly unjust not to reach the merits of that decision.

█ The IJ provided very little analysis to support his adverse credibility finding, but he appears to have factored in the following reasons, either explicitly or by implication. First, the IJ found that Chen's story was "sparse and simple." This Court has noted that where an applicant gives very spare testimony, the adjudicator may fairly wonder whether the testimony is fabricated. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003). The Court has suggested, however, that the IJ or government counsel should question an applicant whose testimony is found sparse in order to draw out inconsistencies which could then support an adverse credi-

bility finding. *Id.* at 152 & n. 6. Here, the IJ posed no questions to Chen regarding her claim and cross-examination was extremely short, during which Chen answered questions forthrightly and consistently with prior statements. The IJ and government thus failed to create a record that could support the IJ's adverse finding. *See Jin Chen v. United States Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005).

Next, the IJ found that Chen had failed to offer corroborating evidence. JA at 117. To the extent that the lack of corroboration is the basis for an insufficiency finding as to an otherwise credible applicant, the IJ must first point to the missing document and then show that it was reasonably available. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003); *cf. Xiao Ji Chen v. U Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006) (contrasting the situation of an applicant who is not otherwise credible). Here, the IJ's conclusory statement that Chen failed to corroborate her claim cannot support the adverse credibility determination and the IJ pointed to nothing that Chen could have offered. We also note, in this respect, that Chen did submit a corroborating affidavit from the one relative who lives in the United States, an uncle, [175] and that at least one of the news reports in the record, a CNN story included at pp. 211–13 of the Appendix, mentions reports that officials have threatened family members as a means of deterring Falun Gong adherents from practicing.

Finally, the IJ noted that "nothing in the record indicates that relatives or people who practice Falun Gong are in prison." Read literally, this statement would be clear error because the Department of State Report in the record states that thousands of Falun Gong adherents have been imprisoned or detained in reeducation-through-labor camps. Assuming that

this is a transcript error, and the phrase should rather read, "relatives *of* people who practice Falun Gong," the IJ apparently failed to consider both the extent of China's program to deter the practice of Falun Gong as well as the possibility that officials could impute Chen's parents' affiliation with Falun Gong to her. *Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir. 2005). Thus, the fact that Chen's claim that relatives of Falun Gong supporters were being arrested was not corroborated by background materials cannot alone support an adverse credibility finding.

■ Chen's statements were consistent throughout her airport interview, asylum application, and testimony, and the IJ's adverse credibility determination is not supported by substantial evidence. Because Chen failed to raise her claim for either withholding or CAT relief before the BIA, Chen failed to exhaust her remedies, and this Court does not have jurisdiction to review those claims. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, Chen's pending motion for a stay of removal in this petition is DENIED as moot.